UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


MAUREEN CALATO ZUCCONI,                          CIVIL ACTION
WIFE OF/AND
ARMAND DAVID ZUCCONI

VERSUS                                           NO. 06-4932

LIBERTY MUTUAL FIRE                              SECTION "B"(6)
INSURANCE COMPANY


ORDER AND REASONS

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment be **GRANTED** in part with respect to extra-contractual claims but **DENIED** in part with respect to attorney's fees claims.

**Plaintiffs' state law-based extra contractual claims[1]**

The issue before the court is whether the Plaintiffs' extra-contractual claims for attorney's fees, pre- and post-judgment interest, penalties and other equitable relief can be properly considered in conjunction with Plaintiffs' federal breach of contract claim pursuant to the National Flood Insurance Act of 1968 ("NFIA") (42 U.S.C. 4001, et. seq.). In interpreting the NFIA, the Fifth Circuit has determined that the Act neither expressly nor

---

[1]As an initial matter, Plaintiffs challenge the Defendant's procedural right to proceed with its Motion because the court ordered "[a]ll case-dispositive pre-trial motions...shall be filed and served in sufficient time to permit hearing thereon no later than July 25, 2008. (Rec. Doc. 26). Since the original hearing date was set for July 23, 2008, this hearing date was compliant with the court's order and thus Plaintiffs' contention has no merit.

1

impliedly provides for   any federal extra-contractual relief against a WYO insurer.  *See Wright v. Allstate Ins. Co.*, 500 F.3d 390 (5th Cir. 2007) (*"Wright II"*).  Furthermore, the Fifth Circuit held that state law extra-contractual claims in conjunction with a federal NFIA breach of contract claim are preempted by federal law.  *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005). *("Wright I").*

In *Wright*, the plaintiff-homeowner filed suit against his WYO insurer claiming, *inter alia,* breach of contract and state law claims for fraud and negligent misrepresentation.  *Wright I*, 415 F.3d at 386.  The district court dismissed all of Wright's claims except the NFIA breach of contract claim, holding that the state law claims were preempted by federal law.  *Id.*  The Fifth Circuit upheld this ruling.  *Id.* at 391.  Wright further appealed the district court's decision to deny him the right to amend his complaint to include federal common law claims for fraud and negligent misrepresentation.  *See Wright II*, 500 F.3d 390.  The Fifth Circuit again upheld the district court's ruling, holding that no private causes of action for extra-contractual claims exist against a WYO insurer pursuant to the NFIA.[2]  *See id.*

_____

[2]In *Wright II*, the Fifth Circuit undertook an in-depth analysis of both the statutory history of the NFIA and the *Cort v. Ash* factors to determine whether an express or implied remedy was available to the plaintiff.   500 F.3d 390 (5th Cir. 2007).  In the interest of efficiency, the Fifth Circuit's findings can be succinctly summarized as follows: (1) the NFIA does not provide an express federal cause of action for extra-contractual claims because the statute only instructs that disputes arising from the NFIA should be governed by federal common law (i.e. in federal

The district courts have followed the holdings in the *Wright* cases.  *See e.g. Dickerson v. State Farm Fire & Casualty Co.*, No. 06-5181, 2007 WL 1537631 (E.D. La. May 23, 2007); *Baker v. Allstate Ins. Co.*, No. 07-283, 2007 WL 2407311 (E.D. La. Aug. 20, 2007); *Willis v. State Farm Fire & Casualty Co.*, No. 07-4862, 2008 WL 793514 (E.D. La. Mar. 24, 2008).  In *Dickerson* (decided before *Wright II*), the court considered a motion to dismiss the plaintiff's federal common law extra-contractual claims, including "all damages occasioned by [State Farm's] misconduct, specific and general, as well as attorney's fees, costs, interests, [and] penalties."  2007 WL 1537631, at *1.  The court ruled that none of the plaintiff's claims were recognizable federal common law theories, but were instead mislabeled state law claims.  *Id.* at *2. The claims were thus preempted by federal law.  *Id.*  Likewise, in *Baker*, the court held that the plaintiffs had impermissibly re-labeled their state law claims as federal common law claims in an attempt to circumvent the preemption holding in *Wright*.  2007 WL 2407311, at *3.  In dismissing the plaintiff's "federal common law" claims, the court, quoting *Dickerson*, interpreted the NFIA language to mean that disputes arising under it are to be resolved under federal law, not meant to create a new federal common law cause of

---

district courts), not governed by any judicially-created cause of action that had not previously been recognized; and (2) the NFIA does not provide an implied federal cause of action because Wright was not an especial beneficiary of the statute's primary purpose nor was there any legislative intent to create a cause of action other than a breach of contract claim. *See Wright II*.

action.[3]  *Baker*, 2007 WL 2407311, at *5.  Thus, the jurisprudence is consistent in dismissing extra-contractual claims brought pursuant to the NFIA.

In this case, Plaintiffs bring extra-contractual claims for attorney's fees, pre- and post-judgment interest, penalties, and any other monetary equity as allowed by law.  (Rec. Doc. 1).  While Plaintiffs' Complaint does not specify whether they pursue these extra-contractual claims under a federal or state law theory, it is a moot point nonetheless.  If the Plaintiffs seek a state law remedy, their extra-contractual claims are analogous to the plaintiff's claims in *Wright I* and therefore preempted.  *See Wright I* at 391*; see also Dickerson*, 2007 WL 1537631, at *2.  Moreover, if the Plaintiffs intend a federal theory of recovery, their claims analogize to the claims of the plaintiffs in *Wright II* and are therefore unrecognizable.  *See* 500 F.3d 390*; see also Dickerson,*2007 WL 1537631, at *2.  The jurisprudence is well-settled that Plaintiffs' state law extra-contractual claims should be dismissed.[4]

---

[3]The exact language of the standard flood insurance policy ("SFIP") issued under the NFIA reads: "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, and National Flood Insurance Act of 1968, as amended, and *Federal common law*." 44. C.F.R. Pt. 61, App. A(1), article IX.  (emphasis added).

[4]It should be noted that Plaintiffs do not refute Defendant's authority or arguments on this issue.

**Plaintiffs' federal law Claim for Attorney's Fees**[5]

Plaintiffs claim that attorney's fees should be available to them pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. §2412(b).  The EAJA allows attorney's fees to be awarded to "the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity."  Whether or not attorney's fees may be granted pursuant to the EAJA hinges on a court's interpretation of "agency" in the aforementioned section of the Act.  *Compare Dickerson*, 2007 WL 1537631, at *4, ("[W]hile State Farm is a WYO carrier participating in the NFIP as a fiscal agent for the United States, it is not an agency of the United States as required by the EAJA.") *with St. Claude Bywater Prop. v. Fidelity Nat'l Ins. Co.*, No. 06-5194, 2008 WL 294549 (E.D. La. Feb. 1, 2008), at *4 ("These [WYO] carriers..act as an entity of the executive branch, which falls under the NFIA and NFIP definitions of agency.  As such, they are potentially subject to EAJA attorney's fees awards.") (J. Lemelle).

While courts have routinely rejected all extra-contractual claims brought under the NFIP, some courts have carved out an

---

[5]Defendant claims in its Response that Plaintiffs should be procedurally barred from pleading for attorney's fees since they did not plead for such in their original Complaint. (Rec. Doc. 29).  Multiple courts in this district, specifically *Dwyer* and *St. Claude* (J. Lemelle), have instructed parties to submit post-trial briefs on the issue of attorney's fees pursuant to the EAJA. *Citations infra.*  Thus, raising this issue for the first time in a pre-trial Opposition Motion is both logically and jurisprudentially sound.

exception for attorney's fees claims brought pursuant to the EAJA. *See Graffeo v. Liberty Mut. Ins. Co.*, No. 06-5330, 2007 WL 4547494 (E.D. La. Dec. 19, 2007).  In *Graffeo*, the plaintiffs brought suit against a WYO carrier participating in the NFIP program.  *Id.* at *1.  While the plaintiff did not challenge the justiciability of his extra-contractual claims in his response to the defendant's motion for summary judgment, he did claim that he may be entitled to attorney's fees under the EAJA.  *Id.* at *2.  The court determined that "[t]he complaint states factual allegations that are adequate to support a claim for attorney's fees, if proven to be true, and to survive a motion to dismiss."  *Id.*  Likewise, in *St. Claude*, the court construed the regulation's definition of "federal agency" broadly to include any entity or instrumentality of the executive branch.  *St. Claude*, 2008 WL 294549, at *4.  Thus, the WYO carrier fell within the regulation's parameters and was subject to EAJA's attorney's fee awards.  *Id; see also Dwyer v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, No. 06-4793, 2007 WL 2265036 (E.D. La. Aug. 3, 2007) (confirming and calculating the amount of attorney's fees available to prevailing plaintiff).

Other district courts have denied awarding attorney's fees awards under the EAJA or delayed the issue until the Fifth Circuit precedent arrives.  In *Dickerson*, Judge McNamara held that the WYO carrier in question was not an agency of the federal government as required by the regulation and therefore not subject to attorney's

fees liability.  *2007 WL 1537631*, at *4.  The court reasoned that the U.S. government was not a proper party in any lawsuit arising out of the NFIP and therefore the WYO company was solely responsible for any obligations to the insured.  *Id.*  Additionally, the court in *Baker* has recognized this jurisprudential split and decided to deny any motions with respect to the attorney's fees issue until the Fifth Circuit has ruled on the issue.[6]  2007 WL 2407311, at *5.

In this case, the Plaintiffs ask for attorney's fees awards pursuant to the EAJA.  (Rec. Doc. 26).  This Court does recognize the fact that this issue is still pending a binding decision by the Fifth Circuit.  However, in the interest of consistency this Court should follow its ruling in *St. Claude* and deny the Defendant's Motion for Summary Judgment on this issue.  *See St. Claude*, 2008 WL 294549, at *4.

Accordingly,

---

[6]The *Dwyer* decision regarding attorney's fees awards pursuant to the EAJA has been appealed to the Fifth Circuit but not yet decided.  See 06-cv-04793, Rec. Doc. 61, (May 24, 2007).  Defendant argues in its Opposition to Summary Judgment that Plaintiffs' claim is premature since the Fifth Circuit has not yet ruled on this issue. (Rec. Doc. 29).  However, other courts have ruled on this issue without waiting for a decision from the Fifth Circuit.  In fact, *Baker* is the only case to forego the issue until the Fifth Circuit's decision.  Judge Berrigan, in *Bolden v. Federal Emergency Management Agency*, 2007 WL 3046067 (E.D. La. Oct. 16, 2007), recognized the fact that the Fifth Circuit in *Wright II* remained silent on the awarding of attorney's fees under the EAJA.  Judge Berrigan denied FEMA's motion for partial summary judgment with regard to the attorney's fees issue.  *See id.*

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment be **GRANTED** in part with respect to extra-contractual claims but **DENIED** in part with respect to attorney's fees claims.

New Orleans, Louisiana this 22nd day of August, 2008.

UNITED STATES DISTRICT JUDGE